Beulah Johnson )))))))

Pg 1 of 4

# Petition for Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS
OCT 23 2015
Abel Acosta, Clerk

To the HONORable Court of Criminal Appeals:

## Statement of Case:

Comes Now Beulah Johnson Petitioning the Courts for a discretionary Review hearing.

Applicant was convicted in the criminal district court of Jefferson County, Texas on July-27-2015 for CARD Abuse Priors, A State Jail felony, CAUSE NO. 14-20109 And Sentenced to two (2) years state Jail. Applicant appeal said Conviction Appeal NO. 09-15-00315-CR and Appeal was dismissed on 8-31-15 but has yet to be Mandated. I AM Asking the Courts For a discretionary review hearing. (P.D.R)

## GROUNDS for Review:

Applicants right to a fair and impartial Jury, due process, due course, and equal Protection of the Law Guaranteed by the United States and Texas Constitution were Violated. The district Attorney's office even after having Notice that Applicant Could Not be enhanced with the prior Convictions. The indictment that applicant faces has improper enhancements, the enhancement allegations Are invalid in that it refers to convictions which are VOID for the purpose of enhancement and will not support enhancement of punishment in the instant case. In paragraph two (2) of the indictment the State has alleged for purposes of enhancement that on October, 15, 1990, defendant was convicted in cause NO. 55741 of the offense of

- Aggravated assault - third degree felony in the criminal district court of Jefferson County, Texas. In paragraph three (3) of the indictment the State has alleged for purposes of enhancement that on September, 22, 1995, defendant was convicted in Cause No. 528 7 of the offense of arson - second degree felony in the criminal district court of Jefferson County, Texas, in which the district attorney's office intentionally changed the conviction offense month, date, and year of cause No. 55741 Aggravated assault to misled the Grand Jury. When applicant objected to the use of said indictment. the courts allowed (over applicant objection) indictment paragraphs 2 and 3 to be striked and Parliamentay law, To amend by deleting one or more words, to do so would violate the defendant's fifth amendment right to indictment

- by Grand Jury, pursuant to which indictment or information may not be amended as to form or substance if amended indictment or information charges the defendant with an additional or different offense or if the substatial rights of the defendant are prejudiced. defendant Counsel rendered Constitutionally ineffective by allowing the courts to proceed over the objections of the defendant which is a denial of the sixth amendment right to effective assistance of counsel. A decision to prosecute violates due process when criminal charges are brought in Retaliation for defendant's exercise of her legal rights. Proof of actual vindictiveness, that is direct evidence that prosecutor's charging decision is an unjustifiable penalty Resulting solely from defendant's exercise of a protected legal Right. The presumption of prosecutorial vindictiveness from increased charges or

- enhanced sentence following a defendant's successful appeal can be overcome by objective evidence in Record Justifying the prosecutor's action. of Completely changing the conviction offense date in cause No. 55741 from Nov, 2, 1993 to Oct, 15, 1990 when

# List of Authorities

① Ex parte Beulah Johnson 2012 WL4447615 (Tex. Crim. App.)

② Flowers vs. State 815 S.W. 2d 724

③ Crumpton vs. State 977 S.W. 2d 763

④ Brown vs. State 155 S.W. 3d 625

⑤ Neal vs. State 150 S.W. 3d 169

⑥ Ex parte Carmona, 185 S.W. 3d 492, 494 (Tex. Crim. App. 2006)

⑦ Ex parte Deeringer, 210 S.W. 3d 616, 617 (Tex. Crim. App 2006)

⑧ Indictment And Information Key 159(2), 161(5)

⑨ Texas C.C.P. Art 28.10 (C) different Offense As used in Statute (3)

⑩ Constitutional Law Key 257.5

⑪ U.S.C.A. Const. Amend. 14

⑫ Criminal Law Key 37.15 (1)

⑬ Sentencing And punishment Key 115(4)

⑭ Indictment And Information Jury. Key 159. C.J.S [193.]

IN Fact SAID CONViction APtd in indictment 14-20109 IS A LIE. THERE IS A terrible iNJustic iN the Jafferson County court System. They Abuse And misuse their Authiorey. They Break the rules of the Law At will, Then when it benifits them They come back And Quote the law For it to be eNForced ON their behalf, the Same Law that was Entrusted to them to up-hold by the people of the State of Txas, These Enhancement Are a Repeat of previous case No. AP-76,884, So the District Attorney's oFFice Knew what They were doing. Jafferson County Court System Needs to right the wrong that has been done.

## PRayar For Reliaf

Wherefore the Applicant PRays that the court of criminal Appeals VACAte the Applicants ConViction And Remand it back to the criminal District court of Jefferson County, Txas FoR a fair And imParRial trial.

## Certificate of Sarvice

I Beulah Johnson certify that today October-19-2015 A petition FoR discretionary Review Motion was Sent thru the United States Mail postage prepa'd to the Courts of Criminal Appeals P.O. Box 12547, Austin, Tx 78711.

Raspectfully Submitted
Beulah Johnson #2014832
Henley unit
7581 Hwy 321
Dayton, Tx 77535

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS

8/7/2014 8:33 AM

*Jane Birge*
JANE BIRGE
DISTRICT CLERK

# 14-20109

A000097290

**DATE OF INDICTMENT**
August 07, 2014
(231) (DA NO. 708980)
**THE STATE OF TEXAS**

**VS.**

**BEULAH LEE JOHNSON**
**(BFB) (DOB: 02-15-71)**
**2109 9TH STREET**
**PORT ARTHUR TX 77640**

**CAUSE NO** _____

**OFFENSE**
**CARD ABUSE**
SEC. 32.31 (a)(A)
**STATE JAIL FELONY**

**PRIORS**

## INDICTMENT

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the July Term, A.D., 2014, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that **BEULAH LEE JOHNSON**, hereafter styled the Defendant, committed an offense hereafter styled the primary offense, on or about the 28TH day of MARCH, TWO THOUSAND AND FOURTEEN, did then and there with intent to fraudulently obtain a benefit from Tashia Sutton, use and present a credit card knowing the use was without the effective consent of the cardholder, PAULA MICHELLE CLARK, and knowing that the Discover card had not been issued to the Defendant,

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, the Defendant was finally convicted of the felony of AGGRAVATED ASSAULT- THIRD DEGREE FELONY and was finally convicted of such felony on OCTOBER 15, 1990, in Cause No.55741, in the CRIMINAL District Court of JEFFERSON County, Texas,

32K DOC

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS

8/7/2014 8:33 AM

JANE BIRGE
DISTRICT CLERK

14-20109

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, and after the conviction in Cause No. 55741 became final, the Defendant committed the felony of ARSON- SECOND DEGREE FELONY and was finally convicted of such felony on SEPTEMBER 22, 1995, in Cause No.52807, in the CRIMINAL District Court of JEFFERSON County, Texas,

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, and after the conviction in Cause No. 55741 became final, and after the conviction in Cause No. 52807 became final, the Defendant committed the felony of CREDIT CARD ABUSE- STATE JAIL FELONY and was finally convicted of such felony on FEBRUARY 26, 2003, in Cause No.87183, in the CRIMINAL JUDICIAL District Court of JEFFERSON County, Texas,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

32K DOC

## ADJUDICATION OF GUILT - JAIL AND/OR FINE

NO. 55741

THE STATE OF TEXAS

VS.

BEULAH LEE JOHNSON

MINUTES OF THE CRIMINAL

DISTRICT COURT OF

JEFFERSON COUNTY, TEXAS

JUDGMENT

At ___October, 1993___ Term,_____ Date November 2, 1993

THE DEFENDANT having been indicted in the above numbered and entitled cause for the felony offense of___Aggravated Assault___

and this cause being called for trial, the State appeared by its District Attorney ___Wayln Thompson___ and moved to proceed only on ___the indictment___ and the Defendant, Beulah Lee Johnson ___, appeared in person and by counsel, ___Jimmy Hamm___, and both parties announced ready for trial. The Defendant, having waived the right for trial by jury in person and in writing in open court (such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court, and such waiver being with the written consent and approval of the District Attorney and filed in the papers of this case), was arraigned and, in open court, plead guilty to the charge contained in the indictment. Thereupon, the Defendant was admonished by the Court as provided in Article 26.13 C.C.P., and the Defendant persisted in entering a plea; and it plainly appearing to the Court that the Defendant was mentally competent and that the plea was freely and voluntarily entered, and the Defendant having consented in writing, in open Court, to waive the appearance, confrontation, and cross-examination of witnesses and having consented to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of this cause, the plea of the Defendant was received and is here now entered of record upon the minutes.

On ___October 15, 1990___, the Court, having heard the indictment read, the defendant's plea thereto, the evidence submitted, and the arguments of counsel, found that it substantiates the guilt of the defendant of the offense as charged.

The State filed a motion to adjudicate guilt and the defendant appeared in Court on ___November 1, 1993___, in person, his attorney, and district attorney, and after examining the State's Motion to Adjudicate Guilt and hearing the evidence submitted, the

Court is of the opinion and finds as a fact the defendant violated the terms and condictions of the Deferred Probation Order as attached.

It is therefore ordered, adjudged and decreed by the Court, that the order deferring the Adjudication of Guilt and placing the defendant on deferred probation, heretofore entered in this said cause be, and the same is hereby revoked, and the Court finds the defendant guilty of the offense of ___Aggravated Assault___ .

The Court further finds that the best interest of society and the defendant will be served by confinement in the Jefferson County Jail and therefore the deferred probation is hereby revoked, the defendant is found guilty, and punishment is assessed at ___18 months in the Jefferson County Jail___

It is the order of the Court that the said defendant, who has been adjudged guilty of the offense of ___Aggravated Assault___ a felony, which was committed on ___April 25, 1990___ be confined in the Jefferson County Jail for a term of ___18 months___ ~~days/years~~.

_____
JUDGE PRESIDING
Date signed: _Nov. 2, 1993_ ✱

FILMED



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,884

## EX PARTE BEULAH JOHNSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 09-08009-A IN THE CRIMINAL DISTRICT COURT FROM JEFFERSON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and was sentenced to three years' imprisonment.

In her writ application, Applicant contends, *inter alia*, that her sentence is not authorized by law. She argues the convictions used to enhance the punishment range were not sequential because the second previous offense occurred before and not after the first previous conviction had become final. *See* TEX. PENAL CODE § 12.42(a)(2). The convicting court agrees and recommends that relief

be granted. After an independent review of the record provided to this Court, we agree with the convicting court's recommendation.

Applicant's unlawful sentence claim is properly raised before this Court, and relief is granted. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). "[T]he proper remedy is to allow Applicant to withdraw [her] plea and remand the case to the trial court, putting both parties back in their original positions before they entered into the plea bargain." *Id.* at 514-15. The judgment in Cause No. 09-08009, *The State of Texas v. Beulah Johnson a/k/a Beulah Lee Johnson*, in the Criminal District Court of Jefferson County is set aside, and Applicant is remanded to the custody of the Sheriff of Jefferson County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 26, 2012

Do Not Publish

NO. 20109

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CRIMINAL DISTRICT JUDICIAL |
| | § | DISTRICT |
| | § | |
| BEULAH JOHNSON | § | JEFFERSON COUNTY, TEXAS |

## MOTION FOR CHANGE OF VENUE

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, Beulah Johnson, and brings this Motion for Change of Venue, pursuant to Article 31.03 of the Texas Code of Criminal Procedure, and in support shows:

1.    Movant seeks a change of venue because there is so great a prejudice against Movant in this county that a fair and impartial trial cannot be obtained. Specifically:

"Defendant was charged by indictment in a previous case stemming out of the Criminal District Court.

Defendant was improperly sentenced to a term of confinement that exceed the applicable statutory provisions, due to improper enhancements on the face of the indictment.

Defendant served over two years on that unlawful indictment. While in custody, Defendant filed a writ of mandamus; whereby, Defendant's relief was granted by the Court of Criminal Appeals.

After the previous was overturned by the Texas Court of Criminal Appeals, Defendant was mandated back to the custody of the Jefferson County Sheriff's Office to appear before this Court.

As she was before this Court again, Defendant attempted to fire her attorney of record; however, she was denied the ability to do such. Defendant's case was moved to County Court at Law Number 3 to resolve the case.

Defendant plead against her will. An appeal of that misdemeanor conviction was overturned by the 9th Court of Criminal Appeals. The State of Texas appealed the case to the Court of Criminal Appeals; where it is still pending.

The indictment that Defendant now faces, has the same improper enhancements as her previous case.

Defendant feels that she cannot get a fair and impartial trial within any District Court within Jefferson County or through the District Attorney's office. Defendant believes the invalid indictment was done intentionally, even after having notice that she could not be enhanced with the prior convictions."

2.     Movant seeks a change of venue to a near County, Texas, which is a county in which venue is proper.

3.     Movant's affidavit is attached.

4.     The denial of Defendant's motion would amount to a violation of Defendant's right to a fair and impartial jury, due process, due course, and equal protection of the law, guaranteed by the United States and Texas Constitution.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays the Court grant this Motion for Change of Venue, or set this matter for a hearing so that evidence may be presented, and upon the completion of the hearing grant this motion for change of venue to a near County, Texas.

Respectfully submitted,

SAMUEL & SON LAW FIRM, P.L.L.C.
1965 Park. Street, Suite 101
Beaumont, TX 77701
Tel: (409) 833-4111
Fax: (409) 838-2220

By:_____
     Sean C. Villery-Samuel
     State Bar No. 24070802
     attysamuel@live.com
     Attorney for Beulah Johnson

## CERTIFICATE OF SERVICE

This is to certify that on April 1, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Jefferson County, 1001 Pearl, Beaumont, Texas 77701, by hand delivery.

_____
Sean C. Villery-Samuel

## ORDER FOR A SETTING

On _____, 2015, the Defendant filed a Motion for Change of Venue. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, at

_____.

Signed on _____.


_____
JUDGE PRESIDING

FILED
at 8:52 o'clock ___ M

APR 0 2 2015

JAMIE SMITH, CLERK
District Courts of Jefferson County, Texas
BY_____ DEPUTY

NO. 20107

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | CRIMINAL DISTRICT JUDICIAL |
| | § | DISTRICT |
| | § | |
| BEULAH JOHNSON | § | JEFFERSON COUNTY, TEXAS |

## O R D E R

On _____, 2015, came on to be considered Beulah Johnson's Motion for

Change of Venue, and said motion is hereby

(Granted) (Denied)

_____

JUDGE PRESIDING

NO. 20109

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CRIMINAL DISTRICT JUDICIAL |
| | § | DISTRICT |
| | § | |
| BEULAH JOHNSON | § | JEFFERSON COUNTY, TEXAS |

## AFFIDAVIT

| STATE OF TEXAS | § |
| | § |
| COUNTY OF JEFFERSON | § |

On April 1, 2015, Beulah Johnson appeared before me, and after being placed under oath, confirmed the truth of the following statements:

"My name is Beulah Johnson. I am over the age of 18 and competent to make this oath.

"It is not possible for me to obtain a fair and impartial trial in Jefferson County, Texas because there is a great prejudice against me. Specifically:

"Defendant was charged by indictment in a previous case stemming out of the Criminal District Court.

"Defendant was improperly sentenced to a term of confinement that exceed the applicable statutory provisions, due to improper enhancements on the face of the indictment.

"Defendant served over two years on that unlawful indictment. While in custody, Defendant filed a writ of mandamus; whereby, Defendant's relief was granted by the Court of Criminal Appeals.

"After the previous was overturned by the Texas Court of Criminal Appeals, Defendant was mandated back to the custody of the Jefferson County Sheriff's Office to appear before this Court.

"As she was before this Court again, Defendant attempted to fire her attorney of record; however, she was denied the ability to do such. Defendant's case was moved to

County Court at Law Number 3 to resolve the case.

"Defendant plead against her will. An appeal of that misdemeanor conviction was overturned by the 9[th] Court of Criminal Appeals. The State of Texas appealed the case to the Court of Criminal Appeals; where it is still pending.

— "The indictment that Defendant now faces, has the same improper enhancements as her previous case.

"Defendant feels that she cannot get a fair and impartial trial within any District Court within Jefferson County or through the District Attorney's office. Defendant believes the invalid indictment was done intentionally, even after having notice that she could not be enhanced with the prior convictions."

"This suit should be heard in a near County, Texas, where it is possible to obtain a fair and impartial trial.

"The statements contained herein are true, upon my oath."

_Beulah Johnson_
Beulah Johnson

Sworn to and subscribed before me on _April 1, 2015_ .

_Shirley Bernard_
NOTARY PUBLIC

Shirley A Bernard
My Commission Expires
06/23/2016



CHIEF JUSTICE
STEVE MCKEITHEN

JUSTICES
CHARLES KREGER
HOLLIS HORTON
LEANNE JOHNSON

# Court of Appeals
## State of Texas
## Ninth District

CLERK
CAROL ANNE HARLEY

OFFICE
SUITE 330
1001 PEARL ST.
BEAUMONT, TEXAS 77701
409/835-8402  FAX 409/835-8497
WWW.TXCOURTS.GOV/9THCOA.ASP

August 12, 2015

Wayln G. Thompson
Assistant District Attorney
Jefferson County Courthouse
1001 Pearl Street, 3rd Floor
Beaumont, TX 77701
\* DELIVERED VIA E-MAIL \*

Beulah Lee Johnson
#111145
5030 Hwy 69 South
Beaumont, TX 77705

**RE:**   Case Number:        09-15-00315-CR
Trial Court Case        14-20109
Number:

**Style:**   Beulah Lee Johnson
v.
The State of Texas

We received a notice of appeal of the above-referenced cause and docketed Appeal No. 09-15-00315-CR. We also received a copy of the trial court's certification, which states that the appellant does not have the right of appeal in this case. Absent a certification from the trial court that the defendant has the right of appeal, the appeal must be dismissed.

Unless within fifteen days of the date of this letter we receive a response that establishes that the certification is incorrect, the Court of Appeals will dismiss the appeal on any date after **August 27, 2015**.

Sincerely,

CAROL ANNE HARLEY
CLERK OF THE COURT

cc: Kimberly Broussard (DELIVERED VIA E-MAIL)
Jamie Smith (DELIVERED VIA E-MAIL)
Judge Larry Gist (DELIVERED VIA E-MAIL)

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00315-CR**

_____

**BEULAH LEE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 14-20109**
_____

**MEMORANDUM OPINION**

On July 27, 2015, the trial court sentenced Beulah Johnson on a conviction for credit card abuse. Johnson filed a notice of appeal on August 5, 2015. The district clerk has provided the trial court's certification to the Court of Appeals. The trial court certified that this is a plea-bargain case and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2).

On August 12, 2015, we notified the parties that we would dismiss the appeal unless the appellant established grounds for continuing the appeal. Johnson

filed a response but failed to establish that the trial court's certification should be amended. Because the record does not contain a certification that shows the defendant has the right of appeal, we must dismiss the appeal. *See* Tex. R. App. P. 25.2(d). Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on August 28, 2015
Opinion Delivered August 31, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

2

Zulah Johnson #2045332
Henley Unit
581 Hwy 321
Dayton, TX 77535

LEGAL
MAIL

Clark of Coc
Louise Pearson
Court of Criminal
P.O. Box 12547
Austin, TX 78711